COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Humphreys and Senior Judge Overton


WILLIAM PAYNE DEEDS

                                    MEMORANDUM OPINION*
v.    Record No. 1304-02-3            PER CURIAM
                                    SEPTEMBER 17, 2002
TEAM CARRIERS, INC. AND
 NATIONAL UNION FIRE INSURANCE
 COMPANY OF PITTSBURGH


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (William Payne Deeds, pro se, on brief).

              (Monica Taylor Monday; Gentry Locke Rakes &
              Moore, on brief), for appellees.


     William Payne Deeds contends the Workers' Compensation

Commission erred in finding that his current dental treatment

was not causally related to his October 5, 2000 compensable

injury by accident.  Upon reviewing the record and the parties'

briefs, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.

Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

Unless we can say as a matter of law that Deeds' evidence

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

sustained his burden of proof, the commission's findings are binding and conclusive upon us. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In denying Deeds' application, the commission found as follows:

> [C]laimant testified that the accident knocked two teeth loose, yet the dentists reported five loose teeth. The claimant has a long history of problems with his teeth. He had all of his upper teeth pulled and had lost some of his lower teeth prior to the accident. Moreover, just one year prior to the accident he had explored having his remaining lower teeth pulled. The claimant also had a prior history of abscessed teeth, which was one of the problems for which he sought treatment in December, 2000.

> While both Dr. [Scott E.] Turkewitz and Dr. [James T.] McClung reported a history of the accident, neither opined that the accident caused the mobility of the five numbered teeth referenced in their reports. Dr. Turkewitz completed a dental claim form indicating that claimant's condition was not caused by trauma. Dr. [Joseph R.] Morris unequivocally opined that the accident did not cause the need for the dental treatment, instead implicating claimant's severe, pre-existing periodontal disease as shown on x-ray.

In light of Deeds' severe pre-existing dental problems, Dr. Morris' opinion, and the lack of any definitive opinion from either Dr. Turkewitz or Dr. McClung regarding the relationship, if any, between Deeds' dental treatment and his October 5, 2000 compensable injury by accident, we cannot find as a matter of

law that Deeds' evidence sustained his burden of proof.

Accordingly, we affirm the commission's findings.

<u>Affirmed.</u>